```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF LOUISIANA
```

**GUY BOUDREAUX, JR.**                                           **CIVIL ACTION**

**VERSUS**                                                        **NO. 16-2384**

**ROBERT C. TANNER, ET AL.**                                     **SECTION "B"(3)**

**ORDER AND REASONS**

Before the Court is Guy Boudreaux, Jr.'s ("Petitioner") "Motion Showing Objections were Timely Filed and Request for Independent De Novo Review." Rec. Doc. 29. For the reasons discussed below,

**IT IS ORDERED** that the motion (Rec. Doc. 29) is **DISMISSED**. The record and law, even after considering Petitioner's untimely objections (Rec. Doc. 28), clearly support the Magistrate Judge's recommendations. Petitioner fails to show that he is entitled to statutory tolling, equitable tolling, or the *McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013) actual innocence exception. This § 2254 request for habeas corpus relief remains untimely for reasons assigned by this opinion, our prior opinion, and by the Magistrate Judge. *See* Rec. Docs. 24-25.

**I.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

In state court, Petitioner was convicted of committing forty-seven counts of possession of pornography involving juveniles and four counts of attempted possession of pornography involving juveniles. Rec. Doc. 24 at 1 (citing State Rec. Vols. 4, trial

transcript at 857-59; 1, minute entry dated November 11, 2010; 1, jury verdict form). On January 31, 2011, he was sentenced to ten years' imprisonment on each of the possession charges and five years' imprisonment on each of the attempted possession charges, to run concurrently. *Id.* at 1-2 (citing State Rec. Vols. 4, January 31, 2011 transcript; 1, January 31, 2011 minute entry). The convictions and sentences were affirmed by the Louisiana First Circuit Court of Appeal and the Louisiana Supreme Court subsequently denied Petitioner's writ application. *Id.* at 2 (citing *State v. Boudreaux*, 11-833 (La. App. 1 Cir. 11/9/11); 2011 WL 5394577; *State ex rel. Boudreaux v. State*, 11-2805 (La. 8/22/12); 97 So. 3d 352 (memorandum opinion)).

Thereafter, Petitioner filed an application for post-conviction relief in state court; both the district court and the Louisiana First Circuit denied relief. Rec. Doc. 24 at 2 (citing State Rec. Vols. 6, May 29, 2015 Order; 7). The Louisiana Supreme Court also refused to consider Petitioner's untimely writ application. *Id.* (citing *State ex rel. Boudreaux v. State*, 15-2168 (La. 3/14/16); 186 So. 3d 645 (memorandum opinion)).

On March 11, 2016, Petitioner filed an application in this Court seeking federal habeas corpus relief. Rec. Doc. 1. After the state filed an opposition memorandum (Rec. Doc. 21) and Petitioner filed a reply (Rec. Doc. 22), Magistrate Judge Knowles issued a report and recommendation, recommending that the federal

application be dismissed with prejudice as untimely (Rec. Doc. 24). The report and recommendation was filed into the record on October 6, 2016. Rec. Doc. 24. Any objections to the report were due within fourteen days, by October 20, 2016. *Id.*

On October 27, 2016, "having considered the petition, the record, the applicable law[,] and the Report and Recommendation . . . and the failure of any party to file any objection to the . . . Report and Recommendation," we issued an order adopting the report and dismissing Petitioner's application with prejudice. Rec. Doc. 25. Eight days later, on November 4, 2016, Petitioner's objections to the report and recommendation were filed into the record. *See* Rec. Doc. 28.

In the instant motion, filed on December 12, 2016, Petitioner moves for reconsideration under Federal Rule of Civil Procedure 60(b). Rec. Doc. 29. He claims that his objections were timely filed and should have been considered by the Court. *Id.* at 1. Specifically, he argues that he received a copy of the report and recommendation on October 14, 2016 and he submitted his objections to prison officials thirteen days later, on October 27, 2016. *Id.*

II. **LAW AND ANALYSIS**

"The Federal Rules of Civil Procedure do not specifically recognize a motion for reconsideration." *Jenkins v. Bristol-Myers Squibb*, No. 14-2499, 2016 WL 5874984, at *5 (E.D. La. Oct. 7, 2016) (citing *St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d

3

336, 339 (5th Cir. 1997)). Nonetheless, "[a] motion asking that the court reconsider a prior ruling is evaluated either as a motion to alter or amend a judgment under Federal Rule of Civil Procedure 59(e) or as a motion for relief from a final judgment, order[,] or proceeding under Federal Rule of Civil Procedure 60(b)." *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, No. 07-1873, 2011 WL 6130788, at *3 (E.D. La. Dec. 7, 2011) (internal quotation marks omitted). Here, Petitioner moves under Rule 60(b), which provides that a court, "[o]n motion and just terms," may relieve a party "from a final judgment, order, or proceeding" due to:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

"The purpose of Rule 60(b) is to balance the principle of finality of a judgment with the interest of the court in seeing that justice is done in light of all the facts." *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 638 (5th Cir. 2005) (citing *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 401 (5th Cir. 1981)).

After a report and recommendation is issued by a magistrate judge, "[w]ithin fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations . . . ." 28 U.S.C. § 636(b)(1); *see also* FED. R. CIV. P. 72(b)(2) ("Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations"). If such objections are made, "[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* However,

> A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within [14] days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.

*Douglass v. United Serv. Auto Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

Here, Petitioner argues that he filed his written objections within fourteen days after physically receiving a copy of the report and recommendation. Rec. Doc. 29 at 1. Even though the report was filed into the record on October 6, 2016, Petitioner did not receive a copy through the Elayn Hung Correctional Center's legal mail process until October 14, 2016. *Id.* Because Petitioner

5

subsequently gave his objections to prison officials on October 27, 2016, Petitioner argues that he timely filed his objections.[1] In essence, we must decide if Petitioner was "served" with a copy of the report and recommendation on the date that it was filed into the record or on the date that he physically received a copy through the prison mail system.

In *Walker v. Savers*, the Fifth Circuit stated that a prisoner "had fourteen days to file [objections] after <u>entry</u> of the magistrate judge's report and recommendation." 583 F. App'x 474, 475 (5th Cir. 2014) (citing 28 U.S.C. § 636(b)(1)) (emphasis added); *see also* FED. R. CIV. P. 72(b)(2)). In that case, the magistrate judge's report and recommendation was entered into the record on March 8 and the petitioner's objections were placed into the prison's mail system on March 22. *Id.* The envelope containing the objections was postmarked March 26, but the Fifth Circuit found that if they were mailed on March 22, then they were timely "filed and served." *Id.* This suggests that the date on which the court was to start counting was March 8 (the date the report and

---

[1] We accept Petitioner's reliance on the prison mailbox rule, which essentially provides that a document is considered filed by a pro se prisoner on the date that he or she hands the document to prison officials for mailing. *See Thompson v. Rasberry*, 993 F.2d 513, 515 (5th Cir. 1993). Thus, Petitioner's objections were filed on October 27, 2016, even though they were not entered into the record until November 4, 2016. *See* Rec. Doc. 28. Instead, the issue before us is whether Petitioner had to file objections within fourteen days from the date the report and recommendation was filed into the record (October 6, 2016) or within fourteen days from the date the report was received by Petitioner (October 14, 2016).

6

recommendation was entered into the record, not necessarily the date that the prisoner received a copy). *Id.*

Thus, Petitioner had to file his objections in this case within fourteen days of October 6, 2016, not October 14, 2016. This rule, while seemingly difficult for pro se prisoners, makes practical sense. If a district court were required to give parties fourteen days from their receipt of a magistrate judge's report and recommendation, it could be waiting indefinitely. There is no way for the court to know when a party physically receives a copy of his or her mail. If a particularly cautious court waited six months after a report and recommendation was filed to issue an order adopting it, only to be faced with objections filed two years later by a pro se prisoner who claimed that he received a copy of the report a mere week before he filed his objections, would the court have to vacate its earlier order? Such a rule would cause excessive delays.

Nonetheless, Federal Rule of Civil Procedure 6(d) provides that when a party must act within a specified time after being served and service is made by mail, "3 days are added after the period would otherwise expire . . . ." *See also* FED. R. CIV. P. 72(b) Advisory Committee Notes to 1983 Addition ("the [14]-day period . . . is subject to Rule 6(e) which provides for an additional 3-day period when service is made by mail"); *Pearson v. Prison Health Servs.*, 519 F. App'x 79, 81 (3d Cir. 2013). Thus, in

*Daker v. Commissioner, Georgia Department of Corrections*, the Eleventh Circuit found that a pro se prisoner merely needed to sign his objections within 17 days after the report and recommendation was filed in order for the objections to be deemed timely. 820 F.3d 1278, 1286 (11th Cir. 2016) (citing FED. R. CIV. P. 72(b)(2); 6(d)); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001) ("Absent evidence to the contrary in the form of prison logs or other records, we will assume that [the petitioner's] motion was delivered to prison authorities the day he signed it"). In *Daker*, a magistrate judge's report and recommendation was issued on February 25, 2014 and the Eleventh Circuit determined that, because the petitioner "signed his objections on March 13, 2014—16 days after the magistrate judge issued the report and recommendation," the objections were timely. *Daker*, 820 F.3d at 1286.

Here, even with the additional three days allowed under Rule 6, Petitioner still would have had to sign and mail his objections by October 23, 2016. Instead, they were signed and mailed on October 27, 2016.

We are not unaware of, nor unsympathetic to, the difficulties facing pro se prisoners. In *Grandison v. Moore*, a magistrate judge's report was dated June 17, 1985. 786 F.2d 146, 147 (3d Cir. 1986). However, the prisoner actually received the report and recommendation on June 28, 1985, after his mail was first

inadvertently sent to a state correctional institution where he was previously housed. *Id.* at 148. The prisoner then mailed his objections on July 3, 1985, in an envelope postmarked July 5, 1985, such that they were actually filed into the record on July 8, 1985. *Id.* at 149. <u>All</u> of these dates were within 10 days of the prisoner's receipt of the report. *Id.*[2] After determining that the prisoner's objections were significant, the Eleventh Circuit found that "even assuming the objections were not timely filed as a matter of law, it was an abuse of discretion of the district court not to treat them as timely and to consider them on the merits." *Id.* The Third Circuit continued to describe the "recurring problem of service of legal mail on pro se prisoners, as to which there is a surprising dearth of precedent." *Id.*

> Fed. R. Civ. P. 5(b) merely provides that service of papers other than the complaint may be made by mailing a copy to the party and that such service is complete upon mailing. Rule 6(e) provides that when service is made by mail, 3 days shall be added to the period prescribed for a response or subsequent act. Even for the general population, the 3 day period allowed for mail delivery reflects an optimism about postal service that regrettably no longer accords with our experience. When applied to prisoner mail, that time may be critically inadequate. Prisoners have no control over when prison officials will actually deliver mail. Also, they have no control over their whereabouts, and may be temporarily transferred out of the prison for court proceedings or placed in administrative or punitive segregation which can delay mail delivery.

---

[2] A previous version of Rule 72 provided that objections had to be filed within 10 days after the person was served with a copy of the magistrate judge's report and recommendation. *See* FED. R. CIV. P. 72 Advisory Committee Notes 2009 Amendment ("The times set in the former rule at 10 days have been revised to 14 days.").

> The Supreme Court recognized the unique circumstances of prisoners when it created an exception to the time for filing a notice of appeal by holding in *Fallen v. United States*, 378 U.S. 139 . . . (1964), that a notice of appeal was timely when a prisoner did all that he could to deliver a notice to the district court on time. *See also Rothman v. United States*, 508 F.2d 648 (3d Cir. 1975). While *Fallen* involved a mailing from a prisoner and its receipt in the Clerk's Office, whereas this case involves service on the prisoner, the general principles are similar. The Federal Rules expressly provide that they shall be construed to secure the just determination of every action, Fed. R. Civ. P. 1. Although the problem of insufficient time to meet the short ten day time periods has been ameliorated to some extent by the recent amendment to Fed. R. Civ. P. 6(a), which now excludes intermediate Saturdays, Sundays and legal holidays when the period of time prescribed is less than 11 days, justice requires that the district court bears in mind the particular circumstances regarding prisoner receipt of mail in those instances where they have discretion in that regard.

The Third Circuit ultimately remanded the case for the district court to consider the prisoner's objections. *Id.*

*Grandison*, however, is not binding on this Court and is nevertheless distinguishable. First, Petitioner does not claim that his mail was inadvertently sent to the wrong location and, second, his objections were not postmarked (November, 1, 2016) and filed (November 4, 2016) within fourteen days of his receipt of the report and recommendation (October 14, 2016). Plus, upon receiving the report, which included a clear warning of the consequences that he would face if he failed to timely object (Rec. Doc. 24 at 10-11), Petitioner could have immediately mailed a request for an extension of time within which to file objections

(FED. R. CIV. P. 6(b)(1) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect")). He did not.

This Court could have issued a judgment adopting the magistrate judge's report and recommendation on October 21, 2016, the day after Petitioner's objections were due. Instead, we waited another six days. Having received neither objections nor a request for an extension of time, and after considering the petition, record, and applicable law, we adopted the report and recommendation dismissing this case with prejudice. We have now also considered Petitioner's untimely objections and the instant motion and we decline to reconsider our earlier ruling.

New Orleans, Louisiana, this 12th day of January, 2017.

_____
SENIOR UNITED STATES DISTRICT JUDGE